UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

BRADLEY TATUM BRAXTON,

    Plaintiff,

 v.               Case No. 19-cv-1371-pp

ARAMARK, *et al.*,

    Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), SCREENING COMPLAINT UNDER 28 U.S.C. §1915A AND DISMISSING CASE**

---

  Bradley Tatum, who is incarcerated at the Outagamie County Jail and representing himself, filed a complaint under 42 U.S.C. §1983. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

**I. Motion for Leave to Proceed without Prepaying Filing Fee (Dkt. No. 2)**

  The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was a prisoner when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

1

On October 24, 2019, the court waived the initial partial filing fee. Dkt. No. 7. It told the plaintiff, however, that it could not waive the full filing fee, and that if he proceeded with the case, he would have to pay the $350 filing fee in installments. Id. at 1. The court told the plaintiff that if he didn't want to proceed with the case and be charged the full $350 filing fee, he had to notify the court in writing by November 14, 2019 that he wanted to voluntarily dismiss the case. Id. at 2-3. The court has not heard from him since.[1] The court will grant the plaintiff's motion to proceed without *prepaying* the filing fee, but he must pay the remainder of the filing fee over time in the manner explained at the end of this order.

## II. Screening the Complaint

### A. Federal Screening Standard

Under the PLRA, the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to

---

[1] The court notes that the plaintiff filed his complaint on September 19, 2019. Dkt. No. 1. At that time, he was in custody at the Outagamie County Jail. Id. at 1. In the four and a half months since then, the plaintiff has not notified the court of any change in his address. The court has received back at least one letter it sent the plaintiff. Dkt. No. 4. When that happened, the clerk's office contacted the Outagamie County Jail and learned that the plaintiff had been released; the clerk's office got the contact information for his probation officer. On October 17, 2019, the court received a copy of a trust account statement for the plaintiff; it doesn't say which jail produced the statement, and it doesn't provide an address for the plaintiff. Dkt. No. 6. The Wisconsin Inmate Locator service web site shows that on January 28, 2020, the plaintiff was back in the Outagamie County Jail, and that on January 30, 2020, he was admitted to Dodge Correctional Institution. https://appsdoc.wi.gov/lop/detail.do.

state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. The Plaintiff's Allegations

The plaintiff states that on four different occasions in 2019, he received "orders" from his family through Aramark, a vending company. Dkt. No. 1 at 2. He says that all of the orders charged his family a $7.00 fee for "shipping and

handling," even though all the items were already at the jail and didn't need to be shipped. Id.

The plaintiff states that the prices for the items were "more than the average prices in the market." Id. at 2, 4. He states, "[t]he prices on commissary don't reflect the true value of these items." Id. at 4. The plaintiff contacted Marla Ferguson, an Aramark employee, but was told that the prices "were as they were." Id.

The plaintiff states that on several of his orders, he didn't receive all his items. Id. The plaintiff contacted Lt. Verheyen, who told the plaintiff that he would "look into the matter." Id. Nothing changed. Id.

Finally, the plaintiff explains that the commissary is the only way he can receive certain hygiene and food items. Id. He states, "Aramark is monopolizing the county jail and jacking up the prices." Id. He states, "[t]his is unfair and needs to be looked into." Id.

In the caption of the complaint, on the first page, the plaintiff named as defendants Aramark and Marla Ferguson. Id. at 1. On page 3, under the caption "Defendants cont.," the plaintiff named Lt. Doug Verheyn, Sheriff Clint C. Kriewaldt, Captain David Kiesner and employees at Outagamie County Jail. Id. at 3. He asks to be refunded his money, to have the prices reflect the same prices as the canteen list, for Aramark to stop charging a delivery charge when the item already is at the jail, to have his legal fees paid and to be awarded $2,000. Id. at 5.

C. <u>Analysis</u>

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. <u>D.S. v. E. Porter Cty. Sch. Corp.</u>, 799 F.3d 793, 798 (7th Cir. 2015) (citing <u>Buchanan–Moore v. Cty. of Milwaukee</u>, 570 F.3d 824, 827 (7th Cir. 2009)).

The plaintiff has sued Aramark, a private vendor, and Marla Ferguson, an employee of Aramark. "[T]he general rule is that claims under the Constitution must be brought against individuals who are 'state actors,' which means that they are employed by the government." <u>Green v. Beth</u>, Case No. 14-cv-540, 2015 WL 7176367, at *1 (W.D. Wis. Nov. 12, 2015) (citing <u>Blum v. Yaretsky</u>, 457 U.S. 991, 1004 (1982)). A plaintiff "cannot sue a private business like the food vendor under the Constitution . . . ." <u>Id.</u> The court will dismiss Aramark and Ferguson.

Verheyen was employed at the jail, and so he was a "state actor." But the plaintiff doesn't explain what constitutional right he believes Verheyen violated. He seems to complain that he contacted Verheyen and told him that Aramark was (a) charging shipping and handling fees for items already at the jail, (b) was charging more than the items were worth, and (c) wasn't giving him all the items he'd ordered, but that Verheyen didn't do anything about it. Dkt. No. 1 at 1, 3. The only constitutional right the court can think of that could even

5

conceivably be implicated by this complaint is the plaintiff's "property" rights under the Fourteenth Amendment.

Under the Fourteenth Amendment, states can't "deprive any person of life, liberty, or property, without due process of law[.]" U.S. Const. Amend. XIV. To trigger the due process clause, the plaintiff must identify a "protected" liberty or property interest that arises out of the Constitution or state law. See Ky. Dep't of Corr. v. Thompson, 490 U.S. 454, 460 (7th Cir. 1995). "A protected property interest is a 'legitimate claim of entitlement' that is 'defined by existing rules or understandings that stem from an independent source such as state law.'" Tenny v. Blagojevich, 659 F.3d 578, 581 (7th Cir. 2011) (quoting Bd. of Regents v. Roth, 408 U.S. 564, 577 (1972)).

Under federal law, a prisoner has no constitutional right to commissary privileges. See Gibson v. McEvers, 631 F.2d 95, 98 (7th Cir.1980); Nance v. Vieregge, 147 F.3d 589, 590 (7th Cir. 1998) (concluding that a two week loss of commissary privileges did not implicate a property interest); Antoine v. Uchtman, 275 F. App'x 539, 541 (7th Cir. 2008) (concluding that a month long loss of commissary privileges did not implicate a property interest). "Because a prisoner does not have a federal constitutional right to purchase commissary items, it follows that a prisoner has no right to purchase commissary items at a particular price or to have prison officials restrained from charging exorbitant prices at a prison commissary." Lee v. Gardinez, 2012 WL 143612, at *2 (S.D. Ill. Jan. 18, 2012).

If the plaintiff had no constitutional rights to commissary items, or to be charged a particular price, then Verheyen could not have violated the plaintiff's constitutional rights by not doing anything about the plaintiff's complaints.

Maybe the plaintiff thinks that Verheyen was required to do something about his complaints under administrative procedures. The Wisconsin Administrative Code provides that each institution "shall" maintain a canteen accessible to inmates and that the institution "shall" allow inmates to purchase approved items not available in the canteen. Wis. Admin. Code §DOC 309.52(1)(a), (d). The rules further provide that the institution must allow purchases "from a sufficient number of enterprises to ensure a reasonable selection and a competitive price." Wis. Admin. Code §DOC 309.52(1)(d). But the plaintiff has not alleged that Verheyen was had anything to do with deciding which companies contracted with the jail to provide commissary items.

Even assuming the plaintiff had a protected property interest created by state law, there is no due process violation if the state provides adequate post-deprivation remedies. Tenny, 659 F.3d at 582-83; see also Hudson v. Palmer, 468 U.S. 517, 533 (1984) ("[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post deprivation remedy for the loss is available."). Wisconsin law has adequate post-deprivation proceedings to address the plaintiff's complaints about the "shipping and handling fee" and incomplete orders. First, the plaintiff

7

can file an inmate complaint through the Inmate Complaint Review System. Wis. Admin. Code §DOC 310.06(1). If that doesn't resolve the issue, the plaintiff can appeal the decision several times, all the way to the Secretary of the Department of Corrections. Id. Wis. Admin. Code §§DOC 310.04, 310.09-310.13. If that still doesn't resolve the issue, the plaintiff can appeal to the Wisconsin state circuit court through a writ of certiorari. See Pirtle v. Cooper, No. 15-CV-685, 2015 WL 4773166, at *3 (E.D. Wis. Aug. 12, 2015). The court will dismiss Verheyen.

Finally, the plaintiff named Sheriff Kriewaldt, Captain Kiesner and unnamed jail employees as defendants. The complaint made no allegations against these individuals; the plaintiff does not say that any of them did anything to violate his rights. He makes no mention of them other than to list them as defendants. "'[I]ndividual liability under § 1983,' . . . 'requires personal involvement in the alleged constitutional deprivation.'" Colbert v. City of Chi., 851 F.3d 649, 657 (7th Cir. 2017) (quoting Minix v. Canarecci, 597 F.3d 823, 833 (7th Cir. 2010)). The plaintiff has not alleged any personal involvement on the part of these defendants, and the court will dismiss them.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **ORDERS** that the agency having custody of the plaintiff shall collect from his institution trust account the $350.00 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an

amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency shall clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution shall forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the officer in charge of the agency where the plaintiff is confined.

The court **ORDERS** that this case is **DISMISSED** under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim. The court will enter judgment accordingly.

The court will document that the plaintiff has incurred a "strike" under 28 U.S.C. §1915(g).

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty days of the entry of judgment. See Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under

Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 31st day of January, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**